IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA AGUAYO, MARIA MALDONADO, MARIA CLIMACO, OLIVIA ORTIZ, ANA PALOMARES, SUSANA MARTINEZ AND NICANOR QUIROZ, on behalf of themselves and all others similarly situated, | § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. _____ |
| V. | § § | |
| BASSAM ODEH, INC. AND BASSAM MOHAMMED ODEH | § § § | |
| Defendants. | § § | |

**COMPLAINT – CLASS ACTION**

Plaintiffs, Brenda Aguayo ("Aguayo"), Maria Maldonado ("Maldonado"), Maria Climaco ("Climaco"), Olivia Ortiz ("Ortiz"), Ana Palomares ("Palomares"), Susana Martinez ("Martinez") and Nicanor Quiroz, ("Quiroz") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against Bassam Odeh, Inc. and Bassam Mohammed Odeh ("Odeh") (collectively "Defendants"), showing in support as follows:

## I.      INTRODUCTION AND SUMMARY

1.      This is a lawsuit to recover: (a) unpaid overtime wages and damages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262; and (b) all available damages in connection with 42 U.S.C. § 1981 ("Section 1981" or "1981 Discrimination") on behalf of fast food restaurant employees who work/worked for Bassam Odeh, Inc. in connection with its Jack in the Box and/or Qdoba related franchises (the "fast food restaurants").

2.      Plaintiffs are/were FLSA non-exempt fast food restaurant employees of Defendants and are/were entitled to overtime compensation for all hours worked over 40 in each and every workweek.  Although Plaintiffs regularly work/worked in excess of 40 hours per workweek, Defendants engage/engaged in a scheme whereby Plaintiffs are/were not credited with any overtime hours worked.  Instead, Defendants credit/credited those hours worked over 40 per workweek to fictitious employees in order to avoid payment of time and one-half overtime compensation to the Plaintiffs.  Checks for straight-time hours worked over 40 in a workweek by Plaintiffs are/were then issued to those fictitious employees, but at an hourly rate less than the Plaintiffs' respective regular rates of pay.  Those fictitious employee checks are/were then cashed by Defendants, and after deduction for a check processing fee, the Plaintiffs are/were then paid cash for hours worked over 40 in a workweek at straight-time only, but typically at an amount less than their regular rates of pay.

3.      All Plaintiffs are of Hispanic race or ancestry, or otherwise have Hispanic ethnic characteristics.  Defendants apply the scheme described in the preceding paragraph on the basis of Plaintiffs' race/ancestry/ethnic characteristics.  Plaintiffs are told that, if they complain about the aforementioned scheme, or attempt to take action to correct the aforementioned scheme, Defendants will attempt to have them and/or their family members deported.

4.      During the relevant time period of this lawsuit, Defendants employed and continue to employ numerous fast food restaurant employees who are similarly situated to Plaintiffs and to each other pursuant to the FLSA.  Plaintiffs seek certification of a FLSA collective action for all similarly situated fast food restaurant employees who, like Plaintiffs, were not paid overtime compensation for all hours worked over 40 during each and every workweek.

5.      Plaintiffs seek certification of a Rule 23 class action for all similarly situated fast food restaurant employees who, like Plaintiffs, are/were victims of Defendants' intentional discrimination and/or hostile work environment on the basis of their race/ancestry/ethnic characteristics.

6.      Plaintiffs and the putative class members seek all back wages, liquidated damages, compensatory damages, punitive damages, legal fees, costs and all other available remedies as a result of Defendants' FLSA violations and Section 1981 violations as shown by the facts.

## II.      THE PARTIES, JURISDICTION AND VENUE

### a.      Plaintiff Brenda Aguayo

7.      Plaintiff Aguayo is an employee of Bassam Odeh, Inc. and is a natural person who resides within the Northern District of Texas.

8.      Plaintiff Aguayo has standing to file this lawsuit.

9.      Plaintiff Aguayo works for Bassam Odeh, Inc. at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

10.     Plaintiff Aguayo was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

11.     Plaintiff Aguayo is of Hispanic race/ancestry/ethnic characteristics.

### b.      Plaintiff Maria Maldonado

12.     Plaintiff Maldonado is an employee of Bassam Odeh, Inc. and is a natural person who resides within the Northern District of Texas.

13.     Plaintiff Maldonado has standing to file this lawsuit.

14.     Plaintiff Maldonado works for Bassam Odeh, Inc. at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

15.     Plaintiff Maldonado was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

16.     Plaintiff Maldonado is of Hispanic race/ancestry/ethnic characteristics.

**c.      Plaintiff Maria Climaco**

17.     Plaintiff Climaco is an employee of Bassam Odeh, Inc. and is a natural person who resides within the Northern District of Texas.

18.     Plaintiff Climaco has standing to file this lawsuit.

19.     Plaintiff Climaco works for Bassam Odeh, Inc. at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

20.     Plaintiff Climaco was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

21.     Plaintiff Climaco is of Hispanic race/ancestry/ethnic characteristics.

**d.      Plaintiff Olivia Ortiz**

22.     Plaintiff Ortiz is an employee of Bassam Odeh, Inc. and is a natural person who resides within the Northern District of Texas.

23.     Plaintiff Ortiz has standing to file this lawsuit.

24.     Plaintiff Ortiz works for Bassam Odeh, Inc. at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

25.     Plaintiff Ortiz was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

26.     Plaintiff Ortiz is of Hispanic race/ancestry/ethnic characteristics.

### e.     Plaintiff Ana Palomares

27.     Plaintiff Palomares is an employee of Bassam Odeh, Inc. and is a natural person who resides within the Northern District of Texas.

28.     Plaintiff Palomares has standing to file this lawsuit.

29.     Plaintiff Palomares works for Bassam Odeh, Inc. at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

30.     Plaintiff Palomares was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

31.     Plaintiff Palomares is of Hispanic race/ancestry/ethnic characteristics.

### f.     Plaintiff Susana Martinez

32.     Plaintiff Martinez is an employee of Bassam Odeh, Inc. and is a natural person who resides within the Northern District of Texas.

33.     Plaintiff Martinez has standing to file this lawsuit.

34.     Plaintiff Martinez works for Bassam Odeh, Inc. at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

35.     Plaintiff Martinez was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

36.     Plaintiff Martinez is of Hispanic race/ancestry/ethnic characteristics.

### g.     Plaintiff Nicanor Quiroz

37.     Plaintiff Quiroz is an employee of Bassam Odeh, Inc. and is a natural person who resides within the Northern District of Texas.

38.     Plaintiff Quiroz has standing to file this lawsuit.

39.     Plaintiff Quiroz works for Bassam Odeh, Inc. at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

40.     Plaintiff Quiroz was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

41.     Plaintiff Quiroz is of Hispanic race/ancestry/ethnic characteristics.

### h.     FLSA Putative Collective Action Members

42.     The putative collective action members are all current and former fast food restaurant employees who work/worked for Defendants as non-exempt employees at any and all of Bassam Odeh, Inc.'s fast food restaurants, including Jack in the Box and/or Qdoba, during the time period of three years preceding the date this lawsuit was filed forward.

43.     All of the putative collective action members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA.

### i.     1981 Discrimination Rule 23 Class Members

44.     The 1981 Discrimination Rule 23 putative class members are all current and former fast food restaurant employees who work/worked for Defendants as non-exempt employees at any and all of Bassam Odeh, Inc.'s fast food restaurants, including Jack in the Box and/or Qdoba, who, like Plaintiffs, were the victims of Defendant's scheme of creating fictitious

employees that were credited with overtime hours actually worked by fast food restaurant employees in order to avoid payment of overtime premiums to those fast food restaurant employees.  Similarly, like Plaintiffs, these class members were the victims of Defendant's scheme to charge them with improper check processing fees in order to cash the fictitious employee checks so that they could receive some compensation, typically at an amount less than their regular rates of pay, for their hours worked over 40 in a workweek.  Similarly, like Plaintiffs, these class members were threatened with deportation/deportation of their family members if they complained about Defendants' scheme, or took actions to correct Defendants' scheme.

45.     The Plaintiffs and putative class members were targeted by Defendants as described above because of/on the basis of their Hispanic race/ancestry/ethnic characteristics. All of the 1981 Discrimination Rule 23 Class members are similarly situated to Plaintiffs, and to each other, in that they were all victims of Defendants' scheme of intentional discrimination and Defendant's hostile work environment.

### j.     Defendant Bassam Odeh, Inc.

46.     Defendant Bassam Odeh, Inc. is a domestic for-profit corporation incorporated under the laws of Texas.

47.     Bassam Odeh, Inc.'s headquarters/principal place of business is at 502 North O'Connor Road, Irving, Dallas County, Texas 75061-7528.

48.     Bassam Odeh, Inc. maintains and operates numerous fast food restaurants in Texas.  These fast foods stores consist of Jack in the Box restaurants, and on information and belief, Qdoba restaurants.

49.     During the time period of three years preceding this lawsuit forward, Bassam Odeh, Inc. is and has been an "employer" pursuant to the FLSA.

50.     Bassam Odeh, Inc. may be served with summons by serving its registered agent, Mr. Bassam M. Odeh, 502 North O'Connor Road, Irving, Texas 75061-7528.

### k.     Defendant Bassam Mohammed Odeh

51.     Defendant Bassam Mohammed Odeh is a natural person with residence and domicile in Tarrant County, Texas.

52.     Defendant Odeh is an owner and director of Bassam Odeh, Inc.

53.     Defendant Odeh is the president and vice president of Bassam Odeh, Inc.

54.     During the time period of three years preceding this lawsuit forward, Defendant Odeh is and has been an "employer" pursuant to the FLSA.

55.     Defendant Odeh has/had operational control over Bassam Odeh, Inc.'s compliance with the FLSA.  As Bassam Odeh, Inc.'s owner, director, president and vice-president, Odeh is/was active in the day-to-day business operations of Bassam Odeh, Inc. and has/had responsibility for Bassam Odeh, Inc.'s compliance with the FLSA with respect to its fast food restaurant employees and all other employees.

56.     Defendant Odeh has/had the power to: hire and fire fast food restaurant employees; supervise and/or control the fast food restaurant employees' work schedules and/or conditions of employment; determine the rates or methods of compensation for fast food restaurant employees; and/or control/maintain fast food restaurant employees' records.

57.     Defendant Odeh may be served with summons at 6542 Potomac Parkway, Arlington, Texas 76017-4934.

## l.      Jurisdiction and Venue

58.      The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

59.      During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

60.      At all times relevant to this lawsuit, Bassam Odeh, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA.

61.      At all times relevant to this lawsuit, Bassam Odeh, Inc. employed, and continues to employ, two or more employees.

62.      At all times relevant to this lawsuit, Bassam Odeh, Inc. employed, and continues to employ, two or more employees who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.  For example, Bassam Odeh, Inc. has two or more fast food restaurant employees who regularly handle, sell or otherwise work on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include food, food related items, food preparation goods and materials, cleaning goods and materials, restaurant supplies, restaurant equipment, communications equipment, telephone services, telephone equipment, internet services and internet equipment.

63.      On information and belief, at all times relevant to this lawsuit, Bassam Odeh, Inc. has had annual gross sales or business volume in excess of $500,000.

64.      The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims and the claims on behalf of

the putative collective action/class action members on federal law, 29 U.S.C. §§ 201, *et seq.* and/or 42 U.S.C. § 1981.

65.     Venue is proper in the United States District Court for the Northern District of Texas because Defendants maintain their principal place of business in this judicial district, the Plaintiffs work/worked for Defendants within this judicial district and a substantial part of the events giving rise to Plaintiffs' claims occurred, and continue to occur, in this judicial district.

66.     Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because Defendants maintain business operations in the Dallas Division, Plaintiffs work/worked for Defendants within the Dallas Division and a substantial part of the events giving rise to Plaintiffs' claims occurred, and continue to occur, in the Dallas Division.

## III.     FACTUAL BACKGROUND

67.     Bassam Odeh, Inc. owns and operates numerous Jack in the Box and/or Qdoba related fast food restaurants in Texas.  On information and belief, these fast food restaurants are franchise operations with Jack in the Box, Inc.

68.     In connection with its fast food restaurant operations, Bassam Odeh, Inc. employs and employed Plaintiffs.  Plaintiffs are/were paid an hourly wage and, at all times, are/were non-exempt employees under the FLSA.  As non-exempt employees, Plaintiffs are/were entitled to overtime compensation for all hours worked over 40 in each and every workweek.

69.     Although Plaintiffs regularly work/worked in excess of 40 hours per workweek, Defendants engage/engaged in a scheme whereby Plaintiffs are/were not credited with any overtime hours worked.  Instead, Defendants credit/credited those hours worked over 40 per workweek to fictitious employees in order to avoid payment of time and one-half overtime

-10-

compensation to the Plaintiffs.  Checks for straight-time hours worked over 40 in a workweek by Plaintiffs are/were then issued to those fictitious employees, but at an hourly rate less than the Plaintiffs' respective regular rates of pay.  Those fictitious employee checks are/were then cashed by Defendants, and after deduction for a check processing fee, the Plaintiffs are/were then paid cash for hours worked over 40 in a workweek at straight-time only, but typically at an amount even less than their respective regular rates of pay.

70.     Defendants have a company-wide practice/policy to not pay employees all overtime due pursuant to the scheme identified in the preceding paragraph.  All Plaintiffs are of Hispanic race/ancestry/ethnic characteristics, and Defendants apply the foregoing unlawful scheme on the basis of race/ancestry/ethnic characteristics on a company-wide basis.  Plaintiffs were told that if they complained about or took action to correct the aforementioned scheme, that they would face adverse employment actions.  For example, Defendants told Plaintiffs that they would attempt to have them and/or their family members deported if they complained or took corrective action.

## IV.     CONTROLLING LEGAL RULES

### A.     FLSA

71.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay."  29 U.S.C. § 207(a)(1).

72.     Plaintiffs and the putative collective action members were not "exempt" from the FLSA overtime laws.

73.     At all times relevant to this lawsuit, Plaintiffs and the putative collective action members are and were classified as FLSA "non-exempt" employees by Bassam Odeh, Inc.

74.     "Employ" includes to suffer or permit work.  29 U.S.C. § 203(g).

75.    Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA.  29 U.S.C. § 216.

**B.    SECTION 1981**

76.    42 U.S.C. § 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, as is enjoyed by white citizens… ."  42 U.S.C. § 1981(a).

77.    At-will employees are entitled to bring Section 1981 claims.  *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.,* 160 F.3d 1048, 1050-52  (5th Cir. 1998).

78.    28 U.S.C. § 1658 provides for a four year limitations period as to the 1981 discrimination claims asserted by Plaintiffs herein.  *See Jones v. R.R. Donelley & Sons Co.*, 541 U.S. 368, 382-83 (2004).

**V.    CLAIMS FOR DAMAGES**

79.    Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth here.

**A.    FLSA CLAIMS**

80.    This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. §§ 201, *et seq*.

81.    All conditions precedent to this suit, if any, have been fulfilled.

82.    At all material times, Plaintiffs are/were employees under the FLSA.  29 U.S.C. § 203(e).

-12-

83.    At all material times, the putative collective action members are/were similarly situated to the Plaintiffs and to each other and are/were employees under the FLSA.  29 U.S.C. § 203(e).

84.    At all material times, each Defendant was and is an eligible and covered employer under the FLSA.  29 U.S.C. § 203(d).

85.    At times, Plaintiffs and the putative collective action members worked in excess of 40 hours per seven-day workweek in the time period relevant to this lawsuit.

86.    At all material times, Plaintiffs and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay.  29 U.S.C. § 207(a)(1).

87.    Defendants failed to pay Plaintiffs and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek.

88.    Defendants' violations of the FLSA were and are willful within the meaning of 29 U.S.C. § 255(a).  *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).  Plaintiffs and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

89.    Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260.  Accordingly, Plaintiffs and the putative collective action members are entitled to liquidated damages.

B.      SECTION 1981 CLAIMS

90.     Plaintiffs are of Hispanic race/ancestry/ethnic characteristics.     Therefore, Plaintiffs are in a protected group under Section 1981.

91.     Plaintiffs were subjected to unwelcome harassment.  For example, Plaintiffs were financially exploited by Defendants' scheme to create fictitious employees who were credited with the hours over 40 in a workweek that were actually worked by Plaintiffs.  Plaintiffs were not paid all compensation due as a result of that fictitious employee scheme.  Plaintiffs were financially exploited by virtue of Defendants' fictitious employee check processing fee scheme. Plaintiffs were told that, if they complained about the aforementioned scheme, or attempted to take action to correct the aforementioned scheme, Defendants would attempt to have them and/or their family members deported.

92.     Plaintiffs were subjected to the foregoing harassment on the basis of their race/ancestry/national origin.

93.     The aforementioned harassment was continuous, pay period by pay period, for a time period of three or more years preceding the filing of this lawsuit.  Additionally, the creation of this fictitious employee scheme and the threats against Plaintiffs shows that the harassment is/was severe.  As such, that harassment affected each Plaintiff's term, condition or privilege of employment with Defendants.

## VI.    CLASS ACTION ALLEGATIONS

94.     Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth here.

A.      **FLSA COLLECTIVE ACTION**

95.      Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

96.      Accordingly, Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former fast food restaurant employees who are/were employed by Bassam Odeh, Inc. and who are/were not paid overtime compensation for all hours worked over 40 in any workweek."   The relevant time period for this class is three years preceding the date this lawsuit was filed forward.

97.      Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or proceeding.

98.      Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

B.      **1981 DISCRIMINATION RULE 23 CLASS ACTION**

99.      This action is brought as a class action pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) and/or (b)(3) on behalf of all current and former fast food restaurant employees of Defendants who were subjected to intentional racial discrimination and/or a hostile work environment in violation of Section 1981.  The relevant time period for this class is four years preceding the date this lawsuit was filed forward.

100.    The class Plaintiffs seek to represent is defined as follows: "All current and former employees of Bassam Odeh, Inc. who are and/or were subjected to racial discrimination and/or a hostile work environment in violation of 42 U.S.C. § 1981."

101.    There is a well-defined community of interest among members of the class, and the disposition of the claims of these members of the class in a single action will provide substantial benefits to all parties and to the Court.

102.    While the exact number of the class is unknown at this time, on information and belief, Plaintiffs believe there are in excess of 150 class members during the relevant time period of this lawsuit.  Therefore, the class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable.  The names and addresses of the class members are ascertainable from Defendants' records.  Notice can be provided to the members of the class through direct mailing, publication or otherwise.

103.    There are questions of law and fact common to the class that predominate over any questions affecting only individual members.  Specially, all class members were subjected to the same intentional racial discrimination and/or hostile work environment experienced by Plaintiffs as described above.

104.    The claims of the representative parties are typical of the claims of the class because all class members were subjected to the same intentional racial discrimination and/or hostile work environment experienced by Plaintiffs as described above.

105.    The representative parties will fairly and adequately protect the interests of the class.  Plaintiffs are adequate representatives of the class because they do not have interests which are adverse to the interests of the members of the class.  Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel who are

competent and experienced in handling class action litigation on behalf of employees in employment related matters such as this.

106.    A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

> (a) The expense and burden of individual litigation make it economically unfeasible for members of the class to seek to redress their Section 1981 claims other than through the procedure of a class action.
>
> (b) If separate actions were brought by individual members of the class, the resulting duplicity of lawsuits would cause members to seek to redress their Section 1981 claims other than through the procedure of a class action; and
>
> (c) Absent a class action, Defendants would likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

107.    Common questions of law and fact exist as to the members of the class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions which affect individual members of the class within the meaning of Federal Rule of Civil Procedure 23(b)(3).  The common questions of fact include, but are not limited to:

> (a) Whether Defendants' scheme of creating fictitious employees who are credited with the hours worked by employees of Hispanic race/ancestry/ethnic characteristics constitutes a Section 1981 violation;
>
> (b) Whether Defendants' scheme of making employees of Hispanic race/ancestry/ethnic characteristics pay a check processing fee in order to receive any compensation for hours worked over 40 in a workweek constitutes a Section 1981 violation;
>
> (c) Whether Defendants' threats to attempt to have deported employees of Hispanic race/ancestry/ethnic characteristics for complaining about Defendants' fictitious employee/check processing fee scheme constitutes a Section 1981 violation;
>
> (d) Whether Defendants' threats to attempt to have deported family members of employees of Hispanic race/ancestry/ethnic characteristics for complaining about

Defendants' fictitious employee/check processing fee scheme constitutes a Section 1981 violation; and

(e) Whether Plaintiffs and the members of the class are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs in connection with pursuing remedies for Defendants' Section 1981 violations.

108.    In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

(a) The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants.

(b) The prosecution of separate actions by individual members of the class would create a risk of adjudications as to them which would, as a practical matter, be dispositive of the interests of the other members of the class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole and necessitating that any such relief be extended to members of the class on a mandatory, class-wide basis.

109.    Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any class action certification motion or proceeding.

110.    Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

111.    Plaintiffs demand a jury trial.

## VIII.   DAMAGES AND PRAYER

112.     Plaintiffs ask that the court issue a summons for Defendants to appear and answer, and that Plaintiffs, and those persons similarly situated to Plaintiffs, be awarded a judgment against Defendants for the following:

a.   Actual damages in the amount of unpaid overtime wages;

b.   Liquidated damages under the FLSA;

c.   Certification of a FLSA collective action;

d.   All available economic and non-economic damages and injunctive relief related to Defendants' Section 1981 violations;

e.   An order from this Court declaring Plaintiffs' Section 1981 claims to be a proper class action maintainable under Rule 23;

f.   Pre-judgment and post-judgment interest;

g.   Court costs;

h.   Reasonable attorney's fees; and

i.   All other relief to which Plaintiffs and collective action members/class action members are entitled.

Respectfully submitted,


By:    /s/ Allen Vaught
        Allen R. Vaught
        TX Bar No. 24004966
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com

        Paula Wyatt
        TX Bar No. 10541400
        The Wyatt Law Firm
        70 NE Loop 410, Suite 725
        San Antonio, Texas 78216
        (210) 340-5550 - Telephone
        (210) 340-5581 - Facsimile
        pwyatt@wyattlawfirm.com

        ATTORNEYS FOR PLAINTIFFS