IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA AGUAYO, MARIA MALDONADO, MARIA CLIMACO, OLIVIA ORTIZ, ANA PALOMARES, SUSANA MARTINEZ, NICANOR QUIROZ, HILDA ELSY AMADOR, MARIA BARRAZA, YAIMYS BETANCOURT FERNANDEZ, CRISTAL CARVAJAL, LUCILA CEDILLO, MARIA ISABEL CHAVERO, ERIC ANTHONY CHAVEZ, CHRISTINA CORTES, ALEJANDRA CRUZ, LAURA DEANDA, GUSTAVO GARCIA, ROSA HERNANDEZ, VICTORIA HERNANDEZ, REMEDIOS HERNANDEZ BELTRAN, JOSE LUJAN, ANGELICA MENDOZA, LUIS FERNANDO MORALES, ELOISA MOTA, MARIBEL PORTILLO, DANIEL QUIROZ, ROCIO RIOS AND YENSSI SANDOVAL, on behalf of themselves and all others similarly situated, | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:13-cv-02951-B |
| Plaintiffs, | § § § | |
| V. | § § | |
| BASSAM ODEH, INC. AND BASSAM MOHAMMED ODEH, | § § § | |
| Defendants. | § § | |

## FIRST AMENDED COMPLAINT – CLASS ACTION

Plaintiffs, Brenda Aguayo ("Aguayo"), Maria Maldonado ("Maldonado"), Maria

Climaco ("Climaco"), Olivia Ortiz ("Ortiz"), Ana Palomares ("Palomares"), Susana Martinez

("Martinez"), Nicanor Quiroz, ("Quiroz"), Hilda Elsy Amador ("Amador"), Maria Barraza

("Barraza"), Yaimys Betancourt Fernandez ("Fernandez"), Cristal Carvajal ("Carvajal"), Lucila

Cedillo ("Cedillo"), Maria Isabel Chavero ("Chavero"), Eric Anthony Chavez ("Chavez"),

Christina Cortes ("Cortes"), Alejandra Cruz ("Cruz"), Laura Deanda ("Deanda"), Gustavo

Garcia ("Garcia"), Rosa Hernandez ("Hernandez"), Victoria Hernandez ("V. Hernandez"),

Remedios Hernandez Beltran ("Beltran"), Jose Lujan ("Lujan"), Angelica Mendoza ("Mendoza"), Luis Fernando Morales ("Morales"), Eloisa Mota ("Mota"), Maribel Portillo ("Portillo"), Daniel Quiroz ("D. Quiroz"), Rocio Rios ("Rios") and Yenssi Sandoval ("Sandoval") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this First Amended Complaint against Bassam Odeh, Inc. ("BOI") and Bassam Mohammed Odeh ("Odeh") (collectively "Defendants"), showing in support as follows:

## I.    INTRODUCTION AND SUMMARY

1.      Plaintiffs file this First Amended Complaint pursuant to the Federal Rules of Civil Procedure 15(a)(2).

2.      This is a lawsuit to recover: (a) unpaid overtime wages and damages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262; and (b) all available damages in connection with 42 U.S.C. § 1981 ("Section 1981" or "1981 Discrimination") on behalf of fast food restaurant employees who work/worked for Defendants in connection with Jack in the Box and/or Qdoba related franchises (the "fast food restaurants").

3.      Plaintiffs are/were FLSA non-exempt fast food restaurant employees of Defendants and are/were entitled to overtime compensation for all hours worked over 40 in each and every workweek. Although Plaintiffs regularly work/worked in excess of 40 hours per workweek, Defendants engage/engaged in a scheme whereby Plaintiffs are/were not credited with any overtime hours worked. Instead, Defendants credit/credited those hours worked over 40 per workweek to fictitious employees in order to avoid payment of time and one-half overtime compensation to the Plaintiffs. Checks for straight-time hours worked over 40 in a workweek by Plaintiffs are/were then issued to those fictitious employees, but at an hourly rate less than the Plaintiffs' respective regular rates of pay. Those fictitious employee checks

*First Amended Complaint – Page 2*

are/were then cashed by Defendants, and after deduction for a check processing fee, the Plaintiffs are/were then paid cash for hours worked over 40 in a workweek at straight-time only, but typically at an amount less than their regular rates of pay.

4.      All Plaintiffs are of Hispanic race or ancestry, or otherwise have Hispanic ethnic characteristics.  Defendants apply the scheme described in the preceding paragraph on the basis of Plaintiffs' race/ancestry/ethnic characteristics.  Plaintiffs are told that, if they complain about the aforementioned scheme, or attempt to take action to correct the aforementioned scheme, Defendants will attempt to have them and/or their family members deported.

5.      During the relevant time period of this lawsuit, Defendants employed and continue to employ numerous fast food restaurant employees who are similarly situated to Plaintiffs and to each other pursuant to the FLSA.  Plaintiffs seek certification of a FLSA collective action for all similarly situated fast food restaurant employees who, like Plaintiffs, were not paid overtime compensation for all hours worked over 40 during each and every workweek.

6.      Plaintiffs seek certification of a Rule 23 class action for all similarly situated fast food restaurant employees who, like Plaintiffs, are/were victims of Defendants' intentional discrimination and/or hostile work environment on the basis of their race/ancestry/ethnic characteristics.

7.      Plaintiffs and the putative class members seek all back wages, liquidated damages, compensatory damages, punitive damages, legal fees, costs and all other available remedies as a result of Defendants' FLSA violations and Section 1981 violations as shown by the facts.

## II.        THE PARTIES, JURISDICTION AND VENUE

### A.        PLAINTIFFS

#### 1.        Plaintiff Brenda Aguayo

8.        Plaintiff Aguayo is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

9.        Plaintiff Aguayo has standing to file this lawsuit.

10.       Plaintiff Aguayo works for BOI at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

11.       Plaintiff Aguayo was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

12.       Plaintiff Aguayo is of Hispanic race/ancestry/ethnic characteristics.

#### 2.        Plaintiff Maria Maldonado

13.       Plaintiff Maldonado is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

14.       Plaintiff Maldonado has standing to file this lawsuit.

15.       Plaintiff Maldonado works for BOI at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

16.       Plaintiff Maldonado was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

17.       Plaintiff Maldonado is of Hispanic race/ancestry/ethnic characteristics.

     **3.**     <u>**Plaintiff Maria Climaco**</u>

18.     Plaintiff Climaco is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

19.     Plaintiff Climaco has standing to file this lawsuit.

20.     Plaintiff Climaco works for BOI at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

21.     Plaintiff Climaco was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

22.     Plaintiff Climaco is of Hispanic race/ancestry/ethnic characteristics.

     **4.**     <u>**Plaintiff Olivia Ortiz**</u>

23.     Plaintiff Ortiz is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

24.     Plaintiff Ortiz has standing to file this lawsuit.

25.     Plaintiff Ortiz works for BOI at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

26.     Plaintiff Ortiz was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

27.     Plaintiff Ortiz is of Hispanic race/ancestry/ethnic characteristics.

     **5.**     <u>**Plaintiff Ana Palomares**</u>

28.     Plaintiff Palomares is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

29.     Plaintiff Palomares has standing to file this lawsuit.

30.     Plaintiff Palomares works for BOI at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

31.     Plaintiff Palomares was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

32.     Plaintiff Palomares is of Hispanic race/ancestry/ethnic characteristics.

**6.     Plaintiff Susana Martinez**

33.     Plaintiff Martinez is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

34.     Plaintiff Martinez has standing to file this lawsuit.

35.     Plaintiff Martinez works for BOI at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

36.     Plaintiff Martinez was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

37.     Plaintiff Martinez is of Hispanic race/ancestry/ethnic characteristics.

**7.     Plaintiff Nicanor Quiroz**

38.     Plaintiff Quiroz is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

39.     Plaintiff Quiroz has standing to file this lawsuit.

40.     Plaintiff Quiroz works for BOI at its Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

*First Amended Complaint – Page 6*

41.     Plaintiff Quiroz was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

42.     Plaintiff Quiroz is of Hispanic race/ancestry/ethnic characteristics.

### 8.     **Plaintiff Hilda Elsy Amador**

43.     Plaintiff Amador was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

44.     Plaintiff Amador has standing to file this lawsuit.

45.     Plaintiff Amador worked for Defendants in and around Dallas County, Texas, with the primary work location being the Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

46.     Plaintiff Amador was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

47.     Plaintiff Amador is of Hispanic race/ancestry/ethnic characteristics.

### 9.     **Plaintiff Maria Barraza**

48.     Plaintiff Barraza is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

49.     Plaintiff Barraza has standing to file this lawsuit.

50.     Plaintiff Barraza works for Defendants in and around Tarrant County, Texas, with the primary work locations being the Jack in the Box fast food restaurants located at 3737 South Cooper, Arlington and 900 North Collins, Arlington, Tarrant County, Texas.

51.     Plaintiff Barraza was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

52.     Plaintiff Barraza is of Hispanic race/ancestry/ethnic characteristics.

### 10.     **Plaintiff Yaimys Betancourt Fernandez**

53.     Plaintiff Fernandez was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

54.     Plaintiff Fernandez has standing to file this lawsuit.

55.     Plaintiff Fernandez worked for Defendants in and around Dallas County, Texas, with the primary work location being the Jack in the Box fast food restaurant located at 2952 North Beltline Road, Irving, Dallas County, Texas.

56.     Plaintiff Fernandez was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

57.     Plaintiff Fernandez is of Hispanic race/ancestry/ethnic characteristics.

### 11.     **Plaintiff Cristal Carvajal**

58.     Plaintiff Carvajal was an employee of Defendants and is a natural person who resided within the Northern District of Texas during her employment with Defendants. She is a current resident of Laredo, Texas.

59.     Plaintiff Carvajal has standing to file this lawsuit.

60.     Plaintiff Carvajal worked for Defendants in and around Dallas County, Texas, with the primary work location being the Jack in the Box fast food restaurant located at 4206 West Airport Freeway, Irving, Dallas County, Texas.

61.     Plaintiff Carvajal was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

62.     Plaintiff Carvajal is of Hispanic race/ancestry/ethnic characteristics.

**12.     Plaintiff Lucila Cedillo**

63.     Plaintiff Cedillo was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

64.     Plaintiff Cedillo has standing to file this lawsuit.

65.     Plaintiff Cedillo worked for Defendants in and around Tarrant County, Texas with her primary work locations being the Jack in the Box fast food restaurants located at 900 North Collins, Arlington, 3737 South Cooper, Arlington, and 901 Interstate 20 East, Arlington, Tarrant County, Texas.

66.     Plaintiff Cedillo was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

67.     Plaintiff Cedillo is of Hispanic race/ancestry/ethnic characteristics.

**13.     Plaintiff Maria Isabel Chavero**

68.     Plaintiff Chavero was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

69.     Plaintiff Chavero has standing to file this lawsuit.

70.     Plaintiff Chavero worked for Defendants in and around Tarrant County, Texas, with the primary work location being the Jack in the Box fast food restaurant at 5775 West Pleasant Ridge Road, Arlington, Tarrant County, Texas.

71.     Plaintiff Chavero was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

72.     Plaintiff Chavero is of Hispanic race/ancestry/ethnic characteristics.

### 14.     Plaintiff Eric Anthony Chavez

73.     Plaintiff Chavez is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

74.     Plaintiff Chavez has standing to file this lawsuit.

75.     Plaintiff Chavez works for Defendants in and around Dallas County, Texas, with the primary work being the Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

76.     Plaintiff Chavez was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

77.     Plaintiff Chavez is of Hispanic race/ancestry/ethnic characteristics.

### 15.     Plaintiff Christina Cortes

78.     Plaintiff Cortes is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

79.     Plaintiff Cortes has standing to file this lawsuit.

80.     Plaintiff Cortes works for Defendants in and around Tarrant County, Texas, with the primary work location being the Jack in the Box fast food restaurant located at 900 North Collins, Arlington, Tarrant County, Texas.

81.     Plaintiff Cortes was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

82.     Plaintiff Cortes is of Hispanic race/ancestry/ethnic characteristics.

### 16.     Plaintiff Alejandra Cruz

83.     Plaintiff Cruz was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

84.     Plaintiff Cruz has standing to file this lawsuit.

85.     Plaintiff Cruz worked for Defendants in and around Tarrant County, Texas, with the primary work locations being Jack in the Box fast food restaurants located at 3737 South Cooper, Arlington, 901 Interstate 20 East, Arlington, and 5775 West Pleasant Ridge Road, Arlington, Tarrant County, Texas.

86.     Plaintiff Cruz was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

87.     Plaintiff Cruz is of Hispanic race/ancestry/ethnic characteristics.

### 17.     Plaintiff Laura Deanda

88.     Plaintiff Deanda was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

89.     Plaintiff Deanda has standing to file this lawsuit.

90.     Plaintiff Deanda worked for Defendants in and around Dallas County, Texas, with the primary work location being the Jack in the Box fast food restaurant at 502 North O'Connor

Road, Irving, 515 West Airport Freeway, Irving, and 2500 West Irving Boulevard, Irving, Dallas County, Texas.

91.     Plaintiff Deanda was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

92.     Plaintiff Deanda is of Hispanic race/ancestry/ethnic characteristics.

### 18.     Plaintiff Gustavo Garcia

93.     Plaintiff Garcia was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

94.     Plaintiff Garcia has standing to file this lawsuit.

95.     Plaintiff Garcia worked for Defendants in and around Dallas, County, Texas with the primary work location being the Jack in the Box fast food restaurant at 502 North O'Connor Road, Irving, and 2500 West Irving Boulevard, Dallas County, Texas.

96.     Plaintiff Garcia was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

97.     Plaintiff Garcia is of Hispanic race/ancestry/ethnic characteristics.

### 19.     Plaintiff Rosa Hernandez

98.     Plaintiff Hernandez was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

99.     Plaintiff Hernandez has standing to file this lawsuit.

*First Amended Complaint – Page 12*

100.     Plaintiff Hernandez worked for Defendants in and around Tarrant County, Texas with the primary work location being the Jack in the Box fast food restaurant locations at 900 North Collins, Arlington, and 3737 South Cooper, Arlington, Tarrant County, Texas.

101.     Plaintiff Hernandez was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

102.     Plaintiff Hernandez is of Hispanic race/ancestry/ethnic characteristics.

### 20.     Plaintiff Victoria Hernandez

103.     Plaintiff V. Hernandez was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

104.     Plaintiff V. Hernandez has standing to file this lawsuit.

105.     Plaintiff V. Hernandez worked for Defendants in and around Dallas County and Tarrant County, Texas. Her primary work locations were the Jack in the Box fast food restaurant locations at 502 North O'Connor Road, Irving, 2952 North Beltline Road, Irving, and 515 West Airport Freeway, Irving. These three locations are in Dallas County, Texas. The fourth store is located at 900 North Collins, Arlington, Tarrant County, Texas.

106.     Plaintiff V. Hernandez was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

107.     Plaintiff V. Hernandez is of Hispanic race/ancestry/ethnic characteristics.

### 21.     Plaintiff Remedios Hernandez Beltran

108.     Plaintiff Beltran was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

109.    Plaintiff Beltran has standing to file this lawsuit.

110.    Plaintiff Beltran worked for Defendants in and around Dallas County, Texas, with the primary work location being the Jack in the Box fast food restaurant located at 515 West Airport Freeway, Irving, Dallas County, Texas.

111.    Plaintiff Beltran was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

112.    Plaintiff Beltran is of Hispanic race/ancestry/ethnic characteristics.

### 22.    **Plaintiff Jose Lujan**

113.    Plaintiff Lujan was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

114.    Plaintiff Lujan has standing to file this lawsuit.

115.    Plaintiff Lujan worked for Defendants in and around Tarrant County, Texas, with the primary work locations being the Jack in the Box fast food restaurants at 900 North Collins, Arlington and 3737 South Cooper, Arlington, Tarrant County, Texas.

116.    Plaintiff Lujan was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

117.    Plaintiff Lujan is of Hispanic race/ancestry/ethnic characteristics.

### 23.    **Plaintiff Angelica Mendoza**

118.    Plaintiff Mendoza was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

119.    Plaintiff Mendoza has standing to file this lawsuit.

120.     Plaintiff Mendoza worked for Defendants in and around Tarrant County, Texas, with the primary work location being the Jack in the Box fast food restaurant located at 900 North Collins, Arlington, Tarrant County, Texas.

121.     Plaintiff Mendoza was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

122.     Plaintiff Mendoza is of Hispanic race/ancestry/ethnic characteristics.

### 24.     **Plaintiff Luis Fernando Morales**

123.     Plaintiff Morales is an employee of Defendants and is a natural person who resides within the Northern District of Texas.

124.     Plaintiff Morales has standing to file this lawsuit.

125.     Plaintiff Morales works for Defendants in and around Tarrant County, Texas, with the primary work location being the Jack in the Box fast food restaurant located at 3737 South Cooper, Arlington, Tarrant County, Texas. He also worked at 5775 West Pleasant Ridge Road, Arlington, and 901 Interstate 20 East, Arlington, Tarrant County, Texas.

126.     Plaintiff Morales was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

127.     Plaintiff Morales is of Hispanic race/ancestry/ethnic characteristics.

### 25.     **Plaintiff Eloisa Mota**

128.     Plaintiff Mota was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

129.     Plaintiff Mota has standing to file this lawsuit.

*First Amended Complaint – Page 15*

130.     Plaintiff Mota worked for Defendants in and around Tarrant County, Texas, with the primary work location being the Jack in the Box fast food restaurant located at 5775 West Pleasant Ridge Road, Arlington, Tarrant County, Texas.

131.     Plaintiff Mota was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

132.     Plaintiff Mota is of Hispanic race/ancestry/ethnic characteristics.

### 26.     Plaintiff Maribel Portillo

133.     Plaintiff Portillo was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

134.     Plaintiff Portillo has standing to file this lawsuit.

135.     Plaintiff Portillo worked for Defendants in and around Dallas County, Texas, in connection with Defendants' Jack in the Box fast food restaurant franchise operations.

136.     Plaintiff Portillo was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

137.     Plaintiff Portillo is of Hispanic race/ancestry/ethnic characteristics.

### 27.     Plaintiff Daniel Quiroz

138.     Plaintiff D. Quiroz was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

139.     Plaintiff D. Quiroz has standing to file this lawsuit.

140.     Plaintiff D. Quiroz worked for Defendants in and around Dallas County, Texas, with the primary work location being the Jack in the Box fast food restaurant located at 502 North O'Connor Road, Irving, Dallas County, Texas.

141.     Plaintiff D. Quiroz was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half his regular rate of pay for each hour worked over 40 in a workweek.

142.     Plaintiff D. Quiroz is of Hispanic race/ancestry/ethnic characteristics.

### 28.     **Plaintiff Rocio Rios**

143.     Plaintiff Rios was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

144.     Plaintiff Rios has standing to file this lawsuit.

145.     Plaintiff Rios worked for Defendants in and around Tarrant County, Texas, with the primary work locations being Jack in the Box fast food restaurants located at 3737 South Cooper, Arlington, and 900 North Collins, Arlington, Tarrant County, Texas.

146.     Plaintiff Rios was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

147.     Plaintiff Rios is of Hispanic race/ancestry/ethnic characteristics.

### 29.     **Plaintiff Yenssi Sandoval**

148.     Plaintiff Sandoval was an employee of Defendants and is a natural person who resides within the Northern District of Texas.

149.     Plaintiff Sandoval has standing to file this lawsuit.

150.     Plaintiff Sandoval worked for Defendants in and around Dallas County, Texas, with the primary work locations being Jack in the Box fast food restaurants located at 2952 North Beltline Road, Irving and 502 North O'Connor Road, Irving, Dallas County, Texas.

151.     Plaintiff Sandoval was paid an hourly rate, regularly worked in excess of 40 hours per workweek, but was not paid time and one-half her regular rate of pay for each hour worked over 40 in a workweek.

152.     Plaintiff Sandoval is of Hispanic race/ancestry/ethnic characteristics.

**30.     FLSA Putative Collective Action Members**

153.     The putative collective action members are all current and former fast food restaurant employees who work/worked for Defendants as non-exempt employees at any and all of BOI's fast food restaurants, including Jack in the Box and/or Qdoba, during the time period of three years preceding the date this lawsuit was filed forward.

154.     All of the putative collective action members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA.

**31.     1981 Discrimination Rule 23 Class Members**

155.     The 1981 Discrimination Rule 23 putative class members are all current and former fast food restaurant employees who work/worked for Defendants as non-exempt employees at any and all of BOI's fast food restaurants, including Jack in the Box and/or Qdoba, who, like Plaintiffs, were the victims of Defendant's scheme of creating fictitious employees that were credited with overtime hours actually worked by fast food restaurant employees in order to avoid payment of overtime premiums to those fast food restaurant employees.  Similarly, like Plaintiffs, these class members were the victims of Defendant's scheme to charge them with improper check processing fees in order to cash the fictitious employee checks so that they could

receive some compensation, typically at an amount less than their regular rates of pay, for their hours worked over 40 in a workweek. Similarly, like Plaintiffs, these class members were threatened with deportation/deportation of their family members if they complained about Defendants' scheme, or took actions to correct Defendants' scheme.

156.    The Plaintiffs and putative class members were targeted by Defendants as described above because of/on the basis of their Hispanic race/ancestry/ethnic characteristics. All of the 1981 Discrimination Rule 23 Class members are similarly situated to Plaintiffs, and to each other, in that they were all victims of Defendants' scheme of intentional discrimination and Defendant's hostile work environment.

## B.    DEFENDANTS

### 1.    Defendant BOI

157.    Defendant BOI is a domestic for-profit corporation incorporated under the laws of Texas.

158.    BOI's headquarters/principal place of business is at 502 North O'Connor Road, Irving, Dallas County, Texas 75061-7528.

159.    BOI maintains and operates numerous fast food restaurants in Texas. These fast foods stores consist of Jack in the Box restaurants, and on information and belief, Qdoba restaurants.

160.    During the time period of three years preceding this lawsuit forward, BOI is and has been an "employer" pursuant to the FLSA.

161.    BOI has been served with summons in compliance with  Fed. R. Civ. P. 4.

*First Amended Complaint – Page 19*

2.      **Defendant Odeh**

162.    Defendant Bassam Mohammed Odeh is a natural person with residence and domicile in Tarrant County, Texas.

163.    Defendant Odeh is an owner and director of BOI

164.    Defendant Odeh is the president and vice president of BOI

165.    During the time period of three years preceding this lawsuit forward, Defendant Odeh is and has been an "employer" pursuant to the FLSA.

166.    Defendant Odeh has/had operational control over BOI's compliance with the FLSA. As BOI's owner, director, president and vice-president, Odeh is/was active in the day-to-day business operations of BOI and has/had responsibility for BOI's compliance with the FLSA with respect to its fast food restaurant employees and all other employees.

167.    Defendant Odeh has/had the power to: hire and fire fast food restaurant employees; supervise and/or control the fast food restaurant employees' work schedules and/or conditions of employment; determine the rates or methods of compensation for fast food restaurant employees; and/or control/maintain fast food restaurant employees' records.

168.    Defendant Odeh has been served with summons in compliance with Fed. R. Civ. P. 4.

C.      **JURISDICTION AND VENUE**

169.    The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

170.    During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

171.    At all times relevant to this lawsuit, BOI has been an "enterprise engaged in commerce" as defined by the FLSA.

172.    At all times relevant to this lawsuit, BOI employed, and continues to employ, two or more employees.

173.    At all times relevant to this lawsuit, BOI employed, and continues to employ, two or more employees who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.  For example, BOI has two or more fast food restaurant employees who regularly handle, sell or otherwise work on goods and/or materials in their daily work that were moved in and/or produced for commerce.  Examples of such goods and/or materials include food, food related items, food preparation goods and materials, cleaning goods and materials, restaurant supplies, restaurant equipment, communications equipment, telephone services, telephone equipment, internet services and internet equipment.

174.    On information and belief, at all times relevant to this lawsuit, BOI has had annual gross sales or business volume in excess of $500,000.

175.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims and the claims on behalf of the putative collective action/class action members on federal law, 29 U.S.C. §§ 201, *et seq.* and/or 42 U.S.C. § 1981.

176.    Venue is proper in the United States District Court for the Northern District of Texas because Defendants maintain their principal place of business in this judicial district, the Plaintiffs work/worked for Defendants within this judicial district and a substantial part of the events giving rise to Plaintiffs' claims occurred, and continue to occur, in this judicial district.

177.    Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because Defendants maintain business operations in the Dallas Division, Plaintiffs work/worked for Defendants within the Dallas Division and a substantial part of the events giving rise to Plaintiffs' claims occurred, and continue to occur, in the Dallas Division.

### III.    FACTUAL BACKGROUND

178.    BOI owns and operates numerous Jack in the Box and/or Qdoba related fast food restaurants in Texas.   On information and belief, these fast food restaurants are franchise operations with Jack in the Box, Inc.

179.    In connection with its fast food restaurant operations, BOI employs and employed Plaintiffs.   Plaintiffs are/were paid an hourly wage and, at all times, are/were non-exempt employees under the FLSA.   As non-exempt employees, Plaintiffs are/were entitled to overtime compensation for all hours worked over 40 in each and every workweek.

180.    Although Plaintiffs regularly work/worked in excess of 40 hours per workweek, Defendants engage/engaged in a scheme whereby Plaintiffs are/were not credited with any overtime hours worked.   Instead, Defendants credit/credited those hours worked over 40 per workweek to fictitious employees in order to avoid payment of time and one-half overtime compensation to the Plaintiffs.   Checks for straight-time hours worked over 40 in a workweek by Plaintiffs are/were then issued to those fictitious employees, but at an hourly rate less than the Plaintiffs' respective regular rates of pay.   Those fictitious employee checks are/were then cashed by Defendants, and after deduction for a check processing fee, the Plaintiffs are/were then paid cash for hours worked over 40 in a workweek at straight-time only, but typically at an amount even less than their respective regular rates of pay.

181.    Defendants have a company-wide practice/policy to not pay employees all overtime due pursuant to the scheme identified in the preceding paragraph.  All Plaintiffs are of Hispanic race/ancestry/ethnic characteristics, and Defendants apply the foregoing unlawful scheme on the basis of race/ancestry/ethnic characteristics on a company-wide basis.  Plaintiffs were told that if they complained about or took action to correct the aforementioned scheme, that they would face adverse employment actions.  For example, Defendants told Plaintiffs that they would attempt to have them and/or their family members deported if they complained or took corrective action.

182.    The claims of Plaintiffs are joined in this lawsuit pursuant to Federal Rule of Civil Procedure 20(a) as those claims against Defendants involve issues which arise out of the same transaction or occurrence/series of transactions or occurrences and involve common questions of law or fact.  For example, the named Plaintiffs herein all worked for the same Defendants, were all subject to the same scheme whereby Plaintiffs are/were not credited with any overtime hours worked.  Instead, Defendants credit/credited those hours worked over 40 per workweek to fictitious employees in order to avoid payment of time and one-half overtime compensation to the Plaintiffs.  Furthermore, Plaintiffs worked for Defendants during the same general time period, performed similar job duties for Defendants, and were the victims of Defendants' policy/plan to not pay them overtime compensation for all hours worked over 40 during each and every workweek in violation of the FLSA.

## IV.    CONTROLLING LEGAL RULES

### A.    FLSA

183.    The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay."  29 U.S.C. § 207(a)(1).

*First Amended Complaint – Page 23*

184.    Plaintiffs and the putative collective action members were not "exempt" from the FLSA overtime laws.

185.    At all times relevant to this lawsuit, Plaintiffs and the putative collective action members are and were classified as FLSA "non-exempt" employees by BOI

186.    "Employ" includes to suffer or permit work.  29 U.S.C. § 203(g).

187.    Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA.  29 U.S.C. § 216.

**B.    SECTION 1981**

188.    42 U.S.C. § 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, as is enjoyed by white citizens… ."  42 U.S.C. § 1981(a).

189.    At-will employees are entitled to bring Section 1981 claims.  *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.,* 160 F.3d 1048, 1050-52  (5th Cir. 1998).

190.    28 U.S.C. § 1658 provides for a four year limitations period as to the 1981 discrimination claims asserted by Plaintiffs herein.  *See Jones v. R.R. Donelley & Sons Co.*, 541 U.S. 368, 382-83 (2004).

**V.      CLAIMS FOR DAMAGES**

191.    Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth here.

**A.    FLSA CLAIMS**

192.    This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. §§ 201, *et seq.*

*First Amended Complaint – Page 24*

193.     All conditions precedent to this suit, if any, have been fulfilled.

194.     At all material times, Plaintiffs are/were employees under the FLSA.  29 U.S.C. § 203(e).

195.     At all material times, the putative collective action members are/were similarly situated to the Plaintiffs and to each other and are/were employees under the FLSA.  29 U.S.C. § 203(e).

196.     At all material times, each Defendant was and is an eligible and covered employer under the FLSA.  29 U.S.C. § 203(d).

197.     At times, Plaintiffs and the putative collective action members worked in excess of 40 hours per seven-day workweek in the time period relevant to this lawsuit.

198.     At all material times, Plaintiffs and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay.  29 U.S.C. § 207(a)(1).

199.     Defendants failed to pay Plaintiffs and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek.

200.     Defendants' violations of the FLSA were and are willful within the meaning of 29 U.S.C. § 255(a).  *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).  Plaintiffs and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

201.    Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260.  Accordingly, Plaintiffs and the putative collective action members are entitled to liquidated damages.

## B.    SECTION 1981 CLAIMS

202.    Plaintiffs are of Hispanic race/ancestry/ethnic characteristics.   Therefore, Plaintiffs are in a protected group under Section 1981.

203.    Plaintiffs were subjected to unwelcome harassment.  For example, Plaintiffs were financially exploited by Defendants' scheme to create fictitious employees who were credited with the hours over 40 in a workweek that were actually worked by Plaintiffs.  Plaintiffs were not paid all compensation due as a result of that fictitious employee scheme.  Plaintiffs were financially exploited by virtue of Defendants' fictitious employee check processing fee scheme.  Plaintiffs were told that, if they complained about the aforementioned scheme, or attempted to take action to correct the aforementioned scheme, Defendants would attempt to have them and/or their family members deported.

204.    Plaintiffs were subjected to the foregoing harassment on the basis of their race/ancestry/national origin.

205.    The aforementioned harassment was continuous, pay period by pay period, for a time period of three or more years preceding the filing of this lawsuit.  Additionally, the creation of this fictitious employee scheme and the threats against Plaintiffs shows that the harassment is/was severe.  As such, that harassment affected each Plaintiff's term, condition or privilege of employment with Defendants.

## VI.   CLASS ACTION ALLEGATIONS

206.   Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth here.

### A.   FLSA COLLECTIVE ACTION

207.   Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

208.   Accordingly, Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former fast food restaurant employees who are/were employed by BOI and who are/were not paid overtime compensation for all hours worked over 40 in any workweek."   The relevant time period for this class is three years preceding the date this lawsuit was filed forward.

209.   Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or proceeding.

210.   Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### B.   1981 DISCRIMINATION RULE 23 CLASS ACTION

211.   This action is brought as a class action pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) and/or (b)(3) on behalf of all current and former fast food restaurant employees of Defendants who were subjected to intentional racial discrimination

and/or a hostile work environment in violation of Section 1981.  The relevant time period for this class is four years preceding the date this lawsuit was filed forward.

212.    The class Plaintiffs seek to represent is defined as follows: "All current and former employees of BOI who are and/or were subjected to racial discrimination and/or a hostile work environment in violation of 42 U.S.C. § 1981."

213.    There is a well-defined community of interest among members of the class, and the disposition of the claims of these members of the class in a single action will provide substantial benefits to all parties and to the Court.

214.    While the exact number of the class is unknown at this time, on information and belief, Plaintiffs believe there are in excess of 150 class members during the relevant time period of this lawsuit.  Therefore, the class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable.  The names and addresses of the class members are ascertainable from Defendants' records.  Notice can be provided to the members of the class through direct mailing, publication or otherwise.

215.    There are questions of law and fact common to the class that predominate over any questions affecting only individual members.  Specially, all class members were subjected to the same intentional racial discrimination and/or hostile work environment experienced by Plaintiffs as described above.

216.    The claims of the representative parties are typical of the claims of the class because all class members were subjected to the same intentional racial discrimination and/or hostile work environment experienced by Plaintiffs as described above.

217.    The representative parties will fairly and adequately protect the interests of the class.  Plaintiffs are adequate representatives of the class because they do not have interests

which are adverse to the interests of the members of the class.  Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel who are competent and experienced in handling class action litigation on behalf of employees in employment related matters such as this.

218.    A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

> (a) The expense and burden of individual litigation make it economically unfeasible for members of the class to seek to redress their Section 1981 claims other than through the procedure of a class action.

> (b) If separate actions were brought by individual members of the class, the resulting duplicity of lawsuits would cause members to seek to redress their Section 1981 claims other than through the procedure of a class action; and

> (c) Absent a class action, Defendants would likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

219.    Common questions of law and fact exist as to the members of the class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions which affect individual members of the class within the meaning of Federal Rule of Civil Procedure 23(b)(3).  The common questions of fact include, but are not limited to:

> (a) Whether Defendants' scheme of creating fictitious employees who are credited with the hours worked by employees of Hispanic race/ancestry/ethnic characteristics constitutes a Section 1981 violation;

> (b) Whether Defendants' scheme of making employees of Hispanic race/ancestry/ethnic characteristics pay a check processing fee in order to receive any compensation for hours worked over 40 in a workweek constitutes a Section 1981 violation;

> (c) Whether Defendants' threats to attempt to have deported employees of Hispanic race/ancestry/ethnic characteristics for complaining about Defendants' fictitious employee/check processing fee scheme constitutes a Section 1981 violation;

*First Amended Complaint – Page 29*

(d) Whether Defendants' threats to attempt to have deported family members of employees of Hispanic race/ancestry/ethnic characteristics for complaining about Defendants' fictitious employee/check processing fee scheme constitutes a Section 1981 violation; and

(e) Whether Plaintiffs and the members of the class are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs in connection with pursuing remedies for Defendants' Section 1981 violations.

220.    In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

(a) The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants.

(b) The prosecution of separate actions by individual members of the class would create a risk of adjudications as to them which would, as a practical matter, be dispositive of the interests of the other members of the class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole and necessitating that any such relief be extended to members of the class on a mandatory, class-wide basis.

221.    Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any class action certification motion or proceeding.

222.    Plaintiffs further reserve the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.    <u>JURY DEMAND</u>

223.    Plaintiffs demand a jury trial.

## VIII.   DAMAGES AND PRAYER

224.     Plaintiffs ask that Plaintiffs, and those persons similarly situated to Plaintiffs, be awarded a judgment against Defendants for the following:

     a.   Actual damages in the amount of unpaid overtime wages;

     b.   Liquidated damages under the FLSA;

     c.   Certification of a FLSA collective action;

     d.   All available economic and non-economic damages and injunctive relief related to Defendants' Section 1981 violations;

     e.   An order from this Court declaring Plaintiffs' Section 1981 claims to be a proper class action maintainable under Rule 23;

     f.   Pre-judgment and post-judgment interest;

     g.   Court costs;

     h.   Reasonable attorney's fees; and

     i.   All other relief to which Plaintiffs and collective action members/class action members are entitled.

Respectfully submitted,


By:    /s/ Allen Vaught_____
        Allen R. Vaught
        TX Bar No. 24004966
        Baron & Budd, P.C.
        3102 Oak Lawn Avenue, Suite 1100
        Dallas, Texas  75219
        (214) 521-3605 – Telephone
        (214) 520-1181 – Facsimile
        avaught@baronbudd.com

        Paula Wyatt
        TX Bar No. 10541400
        The Wyatt Law Firm
        70 NE Loop 410, Suite 725
        San Antonio, Texas 78216
        (210) 340-5550 - Telephone
        (210) 340-5581 - Facsimile
        pwyatt@wyattlawfirm.com

        ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record by the Northern District of Texas CM/ECF method on October 27, 2014.


        /s/ Allen Vaught_____
        Allen R. Vaught